P SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7173 PA (JWJx) | Date | October 30, 2008 |
|---|---|---|---|
| Title | Cesar Manuel Lopez v. United States | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     Before this Court is a petition for writ of habeas corpus and request for stay of deportation by petitioner Cesar Manuel Lopez ("Petitioner").  The petition discusses the standard for obtaining preliminary injunctive relief or a temporary restraining order, and appears to seek an immediate stay of deportation.  (See Petition, p. 6.)  Accordingly, the Court construes the petition as including an ex parte application for a temporary restraining order staying Petitioner's deportation.  Pursuant to Local Rule 7-19.1, a party filing an ex parte application must give the opposing party advance notice of the application, and must inform the Court if the opposing party opposes it.  Unless the party seeking ex parte relief establishes that waiver of notice is appropriate pursuant to Local Rule 7-19.2 and Federal Rule of Civil Procedure 65(b), the notice requirement is mandatory.  Petitioner provided no indication that he gave notice, and no explanation why he is entitled to waive notice.  Moreover, there is no indication that Petitioner's deportation is so imminent that it justifies ex parte relief.  Accordingly, Petitioner's request for an immediate stay is denied without prejudice.

     Additionally, Petitioner is ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction pursuant to 8 U.S.C. § 1252.  See 8 U.S.C. § 1252(b)(2) ("the petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings"); 8 U.S.C. §1252(g) ("Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").  Petitioner shall file a response to this Order no later than November 10, 2008.

     IT IS SO ORDERED.